**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| SCOTT ICEBERG,<br><br>　　　　　　Appellant,<br><br>　　　v.<br><br>RITA STREET, LLC,<br><br>　　　　　　Respondent. | No. 87837-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Scott Iceberg sued Rita Street, LLC (Rita Street) alleging source of income discrimination under the Residential Landlord-Tenant Act (RLTA), RCW 59.18.255, after Rita Street denied his housing application. Iceberg appeals the trial court's order dismissing his claim under CR 12(b)(6) and denying him leave to amend his complaint. Because Iceberg cannot show that Rita Street violated RCW 59.18.255, we affirm.[1]

I

In February 2024, Iceberg successfully applied to and was accepted to live at the Outpost Apartments (Outpost). At the time, Iceberg was a Housing Choice Voucher (HCV) recipient.[2]

---

[1] The trial court also dismissed Iceberg's Consumer Protection Act (CPA), ch. 19.86 RCW claim. Iceberg does not assign any error concerning his CPA claim on appeal, and we do not review it. RAP 10.3(a)(4), (g).

[2] Colloquially known as Section 8, the HCV Program is a federal program that provides a financial bridge between what an individual or a family can afford and the actual cost of rent. Public housing

In October 2024, Iceberg applied for a housing lease at Downtown 48, an apartment complex owned and operated by Rita Street. Rita Street used the same rental criteria as Outpost, which included an applicant's credit score. Rita Street obtained a credit report for each applicant aged 18 or older.

The only difference between Outpost and Rita Street's application process was that Rita Street had started using a new screening service that relied on Equifax credit files to process its screening reports. Downtown 48 asked Iceberg to unfreeze his Equifax credit file so that his application could be processed.

Shortly after unfreezing his Equifax credit file, Iceberg's application at Downtown 48 was denied. Iceberg was informed that the reason for the denial was that he "[did] not meet [Rita Street's] credit requirements." Iceberg was provided with instructions on how to obtain a copy of his credit report.

On January 13, 2025, Iceberg sued Rita Street alleging that his application was denied because he was an HCV recipient. Iceberg alleged that Downtown 48 took over two weeks to process his application trying to come up with an excuse to deny it, "when the true motivation was to avoid having to deal with another [HCV recipient,]" and Rita Street applied "a much more stringent standard to individuals who possess a[n HCV]."

On February 3, 2025, Rita Street moved to dismiss Iceberg's complaint under CR 12(b)(6) arguing that Iceberg's application was denied based on his credit score, a

---

agencies issue HCV vouchers funded by the federal government to tenants living in private rental properties across the country. HCV Applicant and Tenant Resources, U.S. Dᴇᴘ'ᴛ ᴏF Hᴏᴜs. & Uʀʙ. Dᴇᴠ., https://www.hud.gov/helping-americans/housing-choice-vouchers-tenants. [https://perma.cc/7DSB-ENSB].

permissible criterion. Rita Street also noted that Iceberg had lost his HCV, rendering the lawsuit moot.

After hearing argument on February 21, 2025, the trial court granted Rita Street's 12(b)(6) motion dismissing Iceberg's claims and denied his motion for leave to amend his complaint.

Iceberg appeals.

II

Iceberg argues that the trial court erred in dismissing his complaint for source of income discrimination. We disagree.

A

We review CR 12(b)(6) dismissals de novo. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014). Under CR 12(b)(6), a court can dismiss a complaint for "failure to state a claim upon which relief can be granted." "A CR 12(b)(6) motion questions only the legal sufficiency of the allegations in a pleading, asking whether there is an insuperable bar to relief." Markoff v. Puget Sound Energy, Inc., 9 Wn. App. 2d 833, 839, 447 P.3d 577 (2019). Said differently, "[t]he purpose of CR 12(b)(6) is to weed out complaints where, even if that which plaintiff alleges is true, the law does not provide a remedy." Markoff, 9 Wn. App. 2d at 839.

B

The RLTA states that

(1) A landlord may not, based on the source of income of an otherwise eligible prospective tenant or current tenant:

(a) Refuse to lease or rent any real property to a prospective tenant or current tenant . . . ;

(c) Make any distinction, discrimination, or restriction against a prospective tenant or current tenant in the price, terms, conditions, fees, or privileges relating to the rental, lease, or occupancy of real property or in the furnishing of any facilities or services in connection with the rental, lease, or occupancy of real property; [or]

(d) Attempt to discourage the rental or lease of any real property to a prospective tenant or current tenant.

RCW 59.18.255(1)(a), (c), (d).

Iceberg contends that Rita Street violated RCW 59.18.255. In Lockett v. Saturno, Division Three of this court held that the "remedies under RCW 59.18.255 are available only to 'otherwise eligible prospective tenant[s]." 21 Wn. App. 2d 216, 225, 505 P.3d 157 (2022) (emphasis added). Further, if the record discloses the landlord's specific rental criteria, courts can determine whether a prospective tenant is "otherwise eligible." Lockett, 21 Wn. App. 2d at 225.

Here, Rita Street plainly stated as part of its application criteria that it "will obtain a credit report for each applicant 18 years of age or older." Reports supplied by applicants will not be accepted. The rental criteria further indicated that an application "may be denied because of [a] . . . poor or insufficient credit report." In addition, Iceberg was provided information on how to obtain a copy of the credit report used by Rita Street in case his application was denied.

Rather than challenging creditworthiness as a permissible application criterion, Iceberg contends that his credit report was but a mere pretext that Rita Street used to hide its animus toward HCV recipients. But because Rita Street's rental criteria were clearly stated, Iceberg's concession that his application was denied due to his credit

-4-

report means he is not an "otherwise eligible prospective tenant" afforded the protections and remedies of RCW 59.18.255.

Iceberg also asserts that his credit score increased from 556 to 564 between his approved application at Outpost and his denied application at Downtown 48, and this demonstrates that Rita Street was discriminating against him because of his HCV. But rather than provide a copy of the Equifax credit report used by Rita Street, which he had the right to obtain, Iceberg provided a cell phone screenshot showing dates, credit scores, and monthly changes, but not a name, credit report provider, or any other identifiers to determine its validity. And even assuming that the screenshot was verifiable, while Iceberg may not like that Equifax calculated his credit score lower than the one generated in the cell phone screenshot, he does not get to replace Rita Street's credit screening process with his own.

Because Iceberg's complaint fails to allege facts sufficient to show a violation of RCW 59.18.255, we conclude that the trial court did not err in dismissing his claim.[3]

III

Iceberg also argues that the trial court erred by denying him leave to amend his complaint. We disagree.

A

We review a denial of a motion to amend a pleading for a "manifest abuse of discretion." Herron v. Trib. Pub. Co., Inc., 108 Wn.2d 162, 165, 736 P.2d 249 (1987).

---

[3] Iceberg also contends that "despite the Outpost and the Downtown 48 stated policies," he should have been offered the opportunity to pay a larger deposit or use a cosigner. But as was already explained, Iceberg's application preferences do not provide him with a claim under RCW 59.18.255, and he does not get to substitute Rita Street's screening process with his own.

"A trial court abuses its discretion if its decisions is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Further, CR 15(a) states that after a responsive pleading has been served, a party may amend its complaint only by leave of the trial court, which shall be freely given when justice so requires. But a trial court can deny leave to amend when the proposed amendment is futile. Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 729, 189 P.3d 168 (2008).

B

The trial court explained in its order denying Iceberg leave to amend his complaint that because Iceberg admitted that his application was denied because he did not meet Rita Street's credit requirement, there was no legal basis for a claim under RCW 59.18.255. Based on that, the trial court ruled that any amendment would be futile.

The trial court did not abuse its discretion in denying Iceberg leave to amend his complaint.

We affirm.[4]

---

[4] Rita Street seeks an award of attorney fees on appeal under RAP 18.9, which grants this court discretion to award fees for a frivolous appeal. We decline to award attorney fees on appeal. Iceberg also requests an award of attorney fees, but because he is not the prevailing party he is not entitled to attorney fees or costs on appeal.

WE CONCUR:

_Mann, J._

_Bui, J._

_Birk, J._